AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL COMPLAINT** |
| v. | Case No. 3:21-mj-1293-JBT |
| RIGO NAIN SANCHEZ-GUIFARRO | |

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about March 11, 2021, in Duval County, in the Middle District of Florida, the defendant,

> a citizen of Honduras and an alien in the United States, was found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States after having been deported and removed from the United States on or about December 11, 2017, and on or about December 30, 2019,

in violation of Title 8, United States Code, Section 1326. I further state that I am a Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
Luis D. Baez

Sworn to before me and subscribed in my presence,

on May 14, 2021           at           Jacksonville, Florida

JOEL B. TOOMEY
United States Magistrate Judge
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

## CRIMINAL COMPLAINT AFFIDAVIT

I, Luis D. Baez, being a duly sworn and appointed Deportation Officer for the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), hereby make the following statement in support of the attached criminal complaint.

1. Your affiant has been a Deportation Officer since 2015 and before that was an Immigration Enforcement Agent with ICE since 2006. Your affiant has training and experience in the enforcement of the immigration and nationality laws of the United States. In addition, your affiant has training and experience in the preparation, presentation, and service of criminal complaints and arrest warrants.

2. As part of an immigration investigation, your affiant spoke to Officer Cornell Brunson of the Jacksonville Sheriff's Office. Officer Brunson is assigned to the 287(g) program at the Duval County Pretrial Detention Facility in Duval County, in the Middle District of Florida. The 287(g) program was authorized under section 287(g) of the Immigration and Nationality Act and permits a state officer to be deputized "to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States . . . ." 8 U.S.C. § 1357(g).

3. Officer Brunson told your affiant that on March 11, 2021, he was notified that an individual who had identified himself as RIGO NAIN SANCHEZ-GUIFARRO had been booked into the Duval County jail and had stated during the booking process that he was born in Honduras on a date in July, 1990. Officer

Brunson ran immigration service computer checks for a Honduran citizen with SANCHEZ-GUIFARRO's name and date of birth and the computer checks showed no record that a citizen of Honduras with that name and date of birth had ever been legally admitted into the United States.

4. On the same date, Officer Brunson entered SANCHEZ-GUIFARRO's fingerprints into a biometric identification system that compared his fingerprints with the fingerprints of individuals who had been previously encountered by immigration authorities. The system returned a match and reflected that SANCHEZ-GUIFARRO had previously been encountered and had been assigned an Alien Registration number ("A-number"). Officer Brunson then conducted additional ICE computer checks using the A-number and the records reflected that SANCHEZ-GUIFARRO is a citizen of Honduras who has been previously deported or removed from the United States to Honduras on two occasions. Officer Brunson lodged an ICE detainer against SANCHEZ-GUIFARRO with the Duval County jail.

5. On May 13, 2021, the Duval County jail notified ICE Jacksonville that the local charges for SANCHEZ-GUIFARRO were resolved and that he was ready to be picked up on the ICE detainer. On the same date, SANCHEZ-GUIFARRO was administratively arrested and transported into ICE custody at the Baker County jail in Macclenny, Florida.

6. On May 13, 2021, your affiant reviewed a copy of the Alien Registration File ("A-file") for SANCHEZ-GUIFARRO. An A-file is a central file maintained by immigration agencies that contains documents related to the

interactions and encounters of United States immigration authorities with an alien. Documents in the A-file confirmed that SANCHEZ-GUIFARRO is a citizen of Honduras who has been deported or removed from the United States to Honduras on two occasions: on December 11, 2017, through McAllen, Texas, and on December 30, 2019, through Brownsville, Texas. The A-file contained no record that SANCHEZ-GUIFARRO had ever applied for or received permission from the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or to re-enter the United States since the time of his last deportation or removal.

7. On May 13, 2021, at approximately 1:30 p.m., your affiant advised Assistant United States Attorney Arnold B. Corsmeier of the foregoing facts and he authorized criminal prosecution of SANCHEZ-GUIFARRO.

Based upon the foregoing facts, your affiant believes there is probable cause to establish that RIGO NAIN SANCHEZ-GUIFARRO is a citizen of Honduras who has been found unlawfully present in the United States without first having obtained the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or to re-enter the United States after having been deported and removed from the United States, in violation of Title 8, United States Code, Section 1326.

_____
Luis D. Baez, Deportation Officer
U.S. Immigration and Customs Enforcement
Jacksonville, Florida